**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4439**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY TYRONE BYERS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:18-cr-00062-GMG-RWT-1)

Submitted:  January 15, 2020                                        Decided:  February 4, 2020

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Kimberley DeAnne Crockett, Assistant United States Attorney, Jeffrey Akira Finucane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Tyrone Byers, Jr., pled guilty pursuant to a plea agreement to bank robbery, in violation of 18 U.S.C. § 2113(a) (2018), and was sentenced to 240 months in prison. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that she has identified no meritorious issues for appeal but identifying as potential issues for review whether: (1) Byers' sentence is reasonable; and (2) the district court had jurisdiction over Byers' prosecution. Counsel nonetheless concedes that Byers' sentence is reasonable and indicates that, in any event, Byers' appeal is barred by the appellate waiver in his plea agreement.[1] Byers has filed a pro se supplemental brief in which he: (1) challenges the district court's jurisdiction over his prosecution; (2) complains that he was forced to plead guilty because his attorney refused to challenge the court's jurisdiction; and (3) asserts that the district court erroneously denied his motion for a new attorney predicated on counsel's failure to challenge the district court's jurisdiction. Finding no error, we affirm.

We first reject counsel's and Byers' argument that the district court lacked jurisdiction over the bank robbery of a federally insured bank located within the Northern District of West Virginia; counsel provides no argument in support of this assignment of error and rather correctly concedes the district court had original jurisdiction over Byers'

---

[1] The Government has indicated that it does not intend to file a response brief and this court will not sua sponte raise the appellate waiver. *Cf. United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007) (recognizing that the Government may file a responsive brief raising the appellate waiver issue or do nothing and allow this court to perform the *Anders* review).

prosecution. *See* 18 U.S.C. § 3231 (2018) ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

We also reject Byers' suggestion that his guilty plea was involuntary because, since his attorney refused to challenge the district court's jurisdiction over his case, he was forced to plead guilty. After reviewing the plea colloquy in accordance with this court's obligations under *Anders*, and considering the positive solemn declarations Byers made before the magistrate judge regarding his attorney's representation, we discern no plain error with regard to Byers' conviction. *See United States v. Martinez*, 277 F.3d 517, 525-27 (4th Cir. 2002); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (recognizing that "[s]olemn declarations in open court carry a strong presumption of verity" and that "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible").

Next, we reject Byers' argument that the district court erred when it denied his motion for a new attorney predicated on counsel's refusal to challenge the district court's jurisdiction over his prosecution. We review a district court's ruling on a motion to substitute counsel for abuse of discretion. *United States v. Reevey*, 364 F.3d 151, 156 (4th Cir. 2004).

It is true that courts have previously recognized a constructive denial of the right to counsel when, for instance, a complete breakdown of attorney-client communications precluded effective representation, *see Daniels v. Woodford*, 428 F.3d 1181, 1197-98 (9th Cir. 2005) (cited favorably by *United States v. Smith*, 640 F.3d 580, 590 (4th Cir. 2011)),

3

or an attorney completely failed to "subject the prosecution's case to meaningful adversarial testing[.]" *United States v. Cronic*, 466 U.S. 648, 659 (1984). Whether substitute counsel should be appointed, however, is within the sound discretion of the trial court. *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988), *abrogated on other grounds as recognized in*, *United States v. Ductan*, 800 F.3d 642, 652 (4th Cir. 2015).

The record in this case establishes that Byers was neither completely nor constructively denied his right to counsel; Byers was represented at all stages of the proceedings below and a review of the record establishes that defense counsel advocated vigorously on Byers' behalf during the criminal proceedings. Moreover, the reason for Byers' request for new counsel—because his attorney at the time refused to challenge the district court's jurisdiction over Byers' prosecution—was meritless. *See supra*. Thus, new counsel likely would have refused the same requests, thereby affording Byers no relief. We thus discern no abuse of discretion in the district court's decision to deny Byers' motion for new counsel.[2]

---

[2] To the extent Byers is attempting to raise an ineffective assistance of counsel claim in his pro se brief, ineffective assistance does not conclusively appear on the record and, thus, we will not entertain this claim on this appeal. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (holding that an ineffective assistance of counsel claim is not cognizable on direct appeal "unless it conclusively appears from the record that defense counsel did not provide effective representation" (internal quotation marks omitted)). Rather, any ineffective assistance claim would be more appropriately raised by Byers in a 28 U.S.C. § 2255 (2018) motion. *See United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991) ("[I]t would be unfair to adjudicate [an ineffective assistance claim] without any statement from counsel on the record."). We express no opinion as to the merits of such a claim.

We next review Byers' sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2018) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. After determining that the sentence is procedurally reasonable, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances[.]" *Gall*, 552 U.S. at 51. The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (brackets omitted).

Our review of the record reveals no procedural or substantive error. The district court accurately calculated Byers' Guidelines range, afforded the parties an opportunity to argue regarding an appropriate sentence and gave Byers the opportunity to allocute, and imposed an above-Guidelines range sentence while thoroughly explaining the reasons for the imposed sentence and why the court rejected counsel's argument for a below-Guidelines range sentence. And because the district court identified multiple reasons for its variance, all of which were based on the § 3553(a) factors and related to the particular

5

facts of Byers' case, we find that the variance is reasonable. *See United States v. King*, 673 F.3d 274, 284 (4th Cir. 2012) (concluding that upward variant sentence was reasonable as it was adequately supported by reference to those § 3553(a) factors that "the court determined required the sentence ultimately imposed"); *Diosdado-Star*, 630 F.3d at 366-67 (holding that an upward variant sentence six years longer than the Guidelines range was substantively reasonable because the district court expressly relied on several § 3553(a) factors to support the variance).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Byers, in writing, of his right to petition the Supreme Court of the United States for further review. If Byers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Byers. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*